J-S49038-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODERICK JOE GREGORY, JR. | : | |
| | : | |
| Appellant | : | No. 610 WDA 2020 |

Appeal from the PCRA Order Entered May 1, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000015-2013,
CP-33-CR-0000048-2013

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: FILED NOVEMBER 24, 2020

Appellant Roderick Joe Gregory, Jr. appeals the order of the Court of Common Pleas of Jefferson County denying his PCRA petition as untimely filed. After careful review, we affirm the PCRA court's order.

On February 4, 2013, Appellant pled guilty to two counts of aggravated harassment by prisoner (18 Pa.C.S.A. § 2703.1) on two separate dockets (CP-33-CR-0000015-2013 and CP-33-CR-0000048-2013). On the same day, the trial court sentenced Appellant to concurrent terms of four years' probation.

On December 22, 2015, Appellant's probation was revoked on each docket and he was resentenced to two consecutive terms of 1½ - 7 years' imprisonment. As such, Appellant was sentenced to an aggregate term of 3 – 14 years' imprisonment. Appellant did not appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

On March 13, 2020, Appellant filed a pro se "PCRA/Habeas Corpus Petition" in which he raised various challenges to the legality of his December 22, 2015 sentences and listed both docket numbers in the petition. The lower court appointed Appellant counsel, who subsequently filed a petition to withdraw and a no-merit letter, contending that Appellant's petition was untimely filed and did not meet any of the PCRA timeliness exceptions.

On March 30, 2020, the PCRA court granted counsel's request to withdraw and issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.A.P. 907. On April 6, 2020, Appellant filed a pro se response to the PCRA court's Rule 907 notice. On May 1, 2020, the PCRA court entered an order denying Appellant's petition at both dockets.

On June 1, 2020, Appellant filed one notice of appeal listing both docket numbers.[1] On July 2, 2020, this Court filed an Order to Show Cause, directing Appellant to demonstrate why this appeal should not be quashed in light of the Supreme Court's decision in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018). On July 24, 2020, Appellant filed a response to the Rule to Show Cause, arguing that the two cases were necessarily intertwined, and in the alternative, asking this Court to remand the case so that he could file separate notices of appeal.

_____

[1] Appellant timely filed his notice of appeal on Monday, June 1, 2020. See 1 Pa.C.S.A. § 1908 (excluding weekend days and legal holidays from the computation of the time period for a filing when the last day of the time period falls on a weekend or a legal holiday).

As a preliminary matter, we must determine whether this appeal must be quashed due to Appellant's failure to comply with Walker. The Official Note to Pennsylvania Rule of Appellate Procedure 341 provides as follows:

> Where … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. Commonwealth v. C.M.K., 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Recently, in Walker, our Supreme Court construed the above language in Rule 341 to constitute "a bright-line mandatory instruction to practitioners to file separate notices of appeal." Walker, 185 A.3d at 976-77. Therefore, the Walker Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." Id. at 977. The Walker Court made its holding prospective to any notice of appeal filed after June 1, 2018. Id. at 971.

As noted above, Appellant's notice of appeal, filed on June 1, 2020, referenced the lower court's order that resolved Appellant's petition filed at two separate dockets. As such, the Walker mandate applies.

However, in a recent decision, Commonwealth v. Larkin, 235 A.3d 350 (Pa.Super. 2020) (en banc), this Court established that we may overlook the requirements set forth in Walker in cases where a breakdown in the court system occurs. See also Commonwealth v. Stansbury, 219 A.3d 157

- 3 -

(Pa.Super. 2019). The panels in both Larkin and Stansbury held that a breakdown in the court system includes instances in which "a defendant is misinformed or misled regarding his appellate rights." Larkin, 235 A.3d at 354. In Larkin, this Court found that a breakdown in court processes occurred and quashal was not necessary when the PCRA court's order informed Larkin that his appellate rights provided that "Petitioner has thirty (30) days from the date of this order to file an appeal." Id. (emphasis in original).

In the order dismissing Appellant's petition, the lower court notified Appellant that if he wished to appeal to the Superior Court that he was required to "file a notice of appeal as set forth in Rules 901-906 of the Pennsylvania Rules of Appellate Procedure." Order, 5/1/20, at 2.

As we are bound by the decision in Larkin, we conclude a breakdown in the court system occurred that allows us to overlook Appellant's failure to comply with the requirements of Walker.

Before reaching the merits of this appeal, we must first determine whether Appellant's petition was timely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." Commonwealth v. Walters, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1).

A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, after Appellant was sentenced on December 22, 2015, he did not appeal the sentences entered at either docket. Appellant's judgment of sentence became final on January 21, 2016, when the thirty-day time period for filing an appeal to this Court expired. As a result, Appellant had until January 21, 2017 to file a timely PCRA petition. Appellant's petition filed on March 13, 2020 is facially untimely.

In his response to the PCRA court's Rule 907 notice, Appellant claimed the untimeliness of his PCRA petition should be excused due to the ineffectiveness of his PCRA counsel in failing to research and find case law to satisfy the PCRA timeliness exceptions. Appellant also claims that PCRA counsel was ineffective in failing to raise a claim of ineffectiveness against Appellant's plea counsel. Lastly, Appellant asserts that his constitutional

rights were violated when the trial court allegedly sentenced him without the benefit of a pre-sentence report.

Appellant's allegations of ineffectiveness of counsel and trial court error do not save Appellant's untimely petition for review on the merits. In addition, we note that to the extent that Appellant's petition raises challenges to the legality of his sentence, such claims do not excuse the untimeliness of Appellant's petition. Commonwealth v. Whitehawk, 146 A.3d 266, 270 (Pa.Super. 2016) (quoting Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999) (holding that "[a]lthough a legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto")).

Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition in order to avoid the PCRA time bar. Commonwealth v. Beasley, 741 A.2d 1258, 1261 (Pa. 1999). Accordingly, as Appellant has not plead or proved that one of the PCRA timeliness exceptions applies to his petition, we conclude that the PCRA court did not err in dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/24/2020